# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Cherno Njie,<br><br>Defendant. | Case No. 15-cr-0035(1) RHK/HB<br><br>**ORDER** |

This matter is before the Court on Defendant Cherno Njie's "Motion for Jail Credit Based on Half-Way-House Incarceration" in which Njie requests credit for 3 months and 21 days he spent in detention while on bond. ECF No. 203.

Njie pled guilty and was sentenced by this Court on May 13, 2016. ECF No. 177. He did not appeal his sentence to the Eighth Circuit Court of Appeals. As far as the Court can tell, Njie claims the Court should "grant jail credit" for time he spent in a half-way-house while on bond awaiting trial in his case. ECF No. 203 at 1. Njie relies on United States Sentencing Guidelines provision ("USSG") § 5G1.3(b). However, that provision does not apply to his case.[1] It provides a credit for time served for a related state offense. *See* USSG § 5G1.3(b); *see also U.S. v. McKay*, 239 Fed. Appx. 300, 301 (8th Cir. 2007) (unpublished).

Generally, after a defendant has been sentenced in a federal criminal case, the Bureau of Prisons ("BOP") is responsible for the execution of the sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("[a]fter a district court sentences a federal offender, the Attorney General,

---

[1] Njie also relies on an order from the Eastern District of Louisiana that he attaches to his motion. ECF No. 203-1. However, in that order, the Judge specifically stated that the sentence had been imposed under USSG 5G1.3(b). That is not the case here.

through the BOP, has the responsibility for administering the sentence"). If a defendant believes that the BOP has misinterpreted the sentence, or committed some error related to the calculation, execution, or enforcement of the sentence, the defendant may seek relief through the BOP's administrative remedy program. If the defendant is not satisfied with the BOP's response to his administrative grievance, he can seek judicial review in federal court by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *Wilson*, 503 U.S. at 335 and *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir.2004)). Moreover, a § 2241 habeas corpus petition must be filed in the district in which the defendant is currently confined. *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987); *Bell v. United States*, 48 F.3d 1042, 1043-44 (8th Cir. 1995).

If Njie wishes to challenge the calculation of his sentence, he may bring a petition for habeas relief in the district court for the district in which he is currently confined – namely, the Eastern District of Texas where FCI Beaumont is located. Njie's "motion for jail credit" is DENIED.

IT IS SO ORDERED.

Dated: November 15, 2016

                                        s/ Richard H. Kyle
                                        Richard H. Kyle
                                        United States District Judge